Marjorie Walker Barthelemy, Defendant in Error, v. Thelma Braun, Plaintiff in Error.

Gen. No. 36,781.

Opinion filed November 6, 1933. Rehearing denied November 20, 1933.

LEO G. HANA and JOHN MATTHEW BYRNE, for plaintiff in error; ELMER F. DENEKE, of counsel.

MAXWELL N. ANDALMAN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error defendant brings for review proceedings in the circuit court wherein there was a judgment rendered against her for $7,500 in an *ex parte* hearing in a suit to recover damages for alleged slander. After the term at which judgment was entered had passed, defendant made a motion to vacate and set aside the judgment, which was denied; this motion is supported by an affidavit in which she denies

making the slanderous statements about the plaintiff as set forth in the declaration.

The case turns upon the validity of an order defaulting defendant for want of an appearance and plea.

There is no dispute as to the facts. Defendant was personally served with summons May 12, 1932; the declaration was filed June 10; defendant was therefore bound to respond to the June term, which commenced June 20, 1932. By Rule 1 of the circuit court all suits at law made returnable to any term of court where process has been served and declaration filed 10 days before the first day of the term, "defendant shall plead or demur before the opening of the court on the morning of the third day." If defendant failed to appear and plead, plaintiff was entitled to default on the morning of June 22 and not before; but plaintiff secured an order on June 20 defaulting defendant for failure to appear and plead.

It is conceded that this order was prematurely entered and defendant argues that the judgment in the *ex parte* hearing subsequently had is consequently invalid. The judgment was entered January 24, 1933, and plaintiff earnestly argues that as defendant took no steps in the cause until the following March, when the motion was made to vacate the judgment, the premature default order was merely an irregularity which was in effect waived by defendant's negligence. We are referred to no cases in which it has been held that the mere fact that a defendant does nothing after an invalid default order has been entered is a waiver of such irregularity and a ratification of the subsequent judgment. Counsel for the respective parties say that they find no decided case in Illinois which involves similar circumstances as are here presented. Defendant finds certain cases outside of this jurisdiction which seem to be in point. In *Kinney v. Plymouth Rock Squab Co.*, 214 Fed. 766, on somewhat similar facts the court said that the plaintiff must comply with

the statutory requirements and rules of court and until this is done no default or judgment by default can lawfully be entered against the defendant. In *Quigley v. Ellenwood,* 1 Cal. App. 626, the defendant had all of May 28th to file his appearance, but plaintiff took judgment on that day. The court said: "In taking a judgment by default the plaintiff acts at his peril. He must see that the law has been complied with and that the time for appearance has expired. Otherwise he takes the chances of having his judgment set aside or reversed." In *Hart & Co. v. Nixon & Co.,* 25 La. Ann. 136, personal service of summons was had on defendant who under the law was allowed 10 days after service to answer; a default for failure of defendant to appear was taken by plaintiff on the ninth day. In considering the validity of the judgment subsequently rendered the court said: "The default having been improperly entered there was no issue joined when the judgment was rendered. There was nothing, therefore, for the judgment to rest upon," and the judgment of the trial court was set aside. See also the general statement in Corpus Juris, vol. 34, sec. 395, where it is said that neither a default nor a judgment by default can be taken against a defendant until after the expiration of the period prescribed for taking such a step. And Freeman in his work on Judgments, 5th ed., vol. 3, secs. 1288 and 1289, is to the same effect.

Plaintiff argues that defendant's motion is under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, which abolishes the writ of error *coram nobis,* and cites cases which hold that an error of law, such as this is, cannot be cured by such a motion. *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516. Undoubtedly this is the law, but defendant says, and properly, that this is not a motion under section 89, and, that while the lower court might have no power to set aside the judgment because of an error of law, the reviewing court before which the entire record is

brought up by writ of error, has power to vacate the judgment. *Drummer Creek Drain Dist. v. Roth,* 244 Ill. 68. Defendant's motion to vacate in the trial court was unnecessary, but may be considered as a protest without which plaintiff might argue that defendant waived any irregularity in the proceeding.

Plaintiff stresses the alleged negligence of the defendant in failing to attend to the case. In the affidavit supporting her motion to vacate defendant says that when she was served with summons she consulted an attorney, who advised her that she did not have to appear at the first term of court and that she must await summons for a further term, that relying on this, she took no further steps in the matter. However this may be, we think it was even the greater duty of plaintiff carefully to follow the rules of court before asking for an order of default. If defendant was negligent, plaintiff also was negligent in procuring prematurely the order of default.

We are inclined to hold that the cases from foreign jurisdictions, above cited, state the rule which should prevail in this jurisdiction. It would open the door to confusion to permit a defendant to be defaulted before he was required to appear and plead. We think that orderly procedure in the courts requires that a plaintiff who proceeds contrary to the rule in this respect must subsequently proceed at his peril and with the knowledge that any judgment based upon this premature order of default will be vacated and set aside upon review.

For the reasons above indicated we hold that the judgment must be reversed and the cause remanded with directions to the trial court to grant leave to the defendant to file her appearance and to plead to the declaration.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.