AMERICAN CONSULTING ASSOCIATION, INC., Plaintiff-Appellee, *v.*
JAMES K. SPENCER, Indiv. and d/b/a J & M Design Co., *et al.*,
Defendants-Appellants.

First District (5th Division)    No. 80-1725

Opinion filed September 25, 1981.

William J. Stevens and George C. Pontikes, both of Foss, Schuman & Drake, of Chicago, for appellants.

Harold E. Collins and Jeffrey A. Jones, both of Harold E. Collins & Associates, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal, defendants contend the granting of a motion to dismiss their petition to vacate a default judgment was error because (1) the judgment was void; and (2) their petition satisfied the requirements of section 72 of the Civil Practice Act.

Plaintiff's four-count complaint against defendants filed March 25, 1977, alleged breach of contract, conspiracy, conversion, and intentional interference with plaintiff's prospective business advantage, and after defendants were served with process, James K. Spencer, individually and d/b/a J & M Design Co. (James Spencer) removed the case to the Federal court where he filed motions for change of venue and to dismiss. On September 20, 1977, the case was remanded to the circuit court, following which, on October 3 and again on December 12, 1977, defendants J & M Design Services, Inc., and Charlene Spencer filed special appearances objecting to personal jurisdiction over them, and plaintiff responded to those motions. On November 12, 1977, James Spencer answered the complaint.

On March 30, 1978, there was a substitution of attorneys for defendants, and the hearing on the jurisdictional motion set for that day was reset for May 12 and then May 25, when an order was entered setting defendants' motion to dismiss and plaintiff's motion for fees for hearing on July 24, 1978—which also was the next scheduled date of the case. On July 18, 1978, defendants' substituted counsel gave notice by certified mail to defendants and to counsel for plaintiff that on July 24 they would present their motion to withdraw. This notice was received by J. Dwayne Wilcox, defendants' Texas attorney, on July 19, 1978, in Texas, where defendants reside. On July 24, 1978, an order drafted by defendants' counsel was entered which (1) allowed their withdrawal; (2) found that the court had personal jurisdiction over J & M Design Services, Inc., and Charlene Spencer; (3) gave defendants 45 days within which to obtain new counsel; (4) stated that "[f]urther notice of these proceedings shall be served on Dwayne Wilcox" at his Texas address; (5) set the case for status report on September 7, 1978, without further notice; and (6) continued generally plaintiff's motion for attorney's fees.

On September 5, 1978, the status date was changed to September 22, 1978, without further notice. On that date, defendants were found to be in default for failure to appear or plead, and a prove-up of damages was set for November 1, 1978. The prove-up, after numerous continuances, was held between July 3 and August 6, 1979, with judgment eventually entered on August 31, 1979, against all defendants[1] for $175,000, with an additional $175,000 assessed as punitive damages.

On September 1, 1979, another judge was assigned the calendar which included the instant case. He held a status call of the cases on his calendar and, apparently unaware of the August 31 judgment, dismissed the case for want of prosecution on September 18, 1979. That order was vacated on plaintiff's motion October 12, 1979. Prior thereto, on October 9, plaintiff served defendants with a petition to register the judgment in Texas, and defendants then moved here on October 25, 1979, to vacate the judgment. A motion of plaintiff to dismiss the petition to vacate was granted on May 30, 1980, and this appeal followed.

OPINION

Defendants initially contend the trial court should have granted their petition to vacate because the default judgment was void due to the lack of or defective notice as to proceedings before the default judgment. Generally, a judgment is void if the court lacks jurisdiction over the parties or subject matter (*In re Application of County Collector* (1968), 101 Ill. App. 2d 1, 241 N.E.2d 641), if it was procured by fraud (*Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965), or if the court lacks the inherent power to make or enter a particular order (*Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 378 N.E.2d 1130). While a void judgment may be attacked and vacated at any time either directly or collaterally (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271), a judgment that is merely erroneous is not void and is not subject to collateral attack (*Federal Sign & Signal Corp. v. Czubak*).

In the present case, no challenge is made to the court's jurisdiction over the parties or subject matter, nor was a question raised as to the court's inherent authority to enter the default judgment, and defendants make no allegation and the record does not disclose that the judgment was procured by fraud. Defendants suggest, however, that a judgment may also be void because of lack of or defective notice of proceedings prior to and including the judgment. We disagree. Initially, we note the three cases cited by defendants do not support their position. In *Barthe-*

---

[1] On January 19, 1979, the default order entered against Xerox Corporation (Xerox) was vacated, and it was given 30 days to answer or plead. The time was further extended on February 12, 1979, by stipulation. Xerox was subsequently dismissed without prejudice.

*lemy v. Braun* (1933), 272 Ill. App. 321, which predated section 72, there was no question as to notice. A default order was entered by the trial court before the date defendant was required to plead, and this was contrary to a rule of that court. An *ex parte* judgment was subsequently entered, and a motion to vacate filed by defendant two months later was denied. On appeal, the judgment was held to be invalid, with the court reasoning "that a plaintiff who proceeds contrary to the rule in this respect must subsequently proceed at his peril and with the knowledge that any judgment based upon this premature order of default will be vacated and set aside upon review." (272 Ill. App. 321, 324.) In the other two cases cited by defendants, *Andonoplas v. Jaremko* (1972), 9 Ill. App. 3d 298, 292 N.E.2d 225, and *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 304 N.E.2d 733, the trial courts in each case granted section 72 petitions to vacate default judgments. It was held on review in each case that the trial court lacked jurisdiction to vacate the judgment because the notice required by section 72 (see Supreme Court Rule 106 (Ill. Rev. Stat. 1977, ch. 110A, par. 106)) was not provided. A section 72 petition is not a continuation of the original suit but is a separate, independent action, and a respondent named in the petition must be notified anew and, if proper notice is not given as provided by Supreme Court Rule 106, jurisdiction is lacking. (*Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 392 N.E.2d 267.) It appears that the reviewing courts in both *Andonoplas v. Jaremko* and *Public Taxi Service, Inc. v. Ayrton* held in effect that just as service of summons gives the court jurisdiction over defendant in an original action, the notice required by section 72 is the jurisdictional nexus in a petition filed under that section.

■■ In the case before us, the motions concerning which defendant contends there was lack of or defective notice predated the default judgment and raise no jurisdictional questions. Moreover, it has been held that a defaulted party is not entitled to notice either of plaintiff's intention to move for default or its existence once granted (*Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 393 N.E.2d 707; *Limar-Pinehurst, Inc. v. Welter* (1976), 38 Ill. App. 3d 800, 350 N.E.2d 252), and that the failure to notify the defendant of a default judgment does not render it void (*Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 309 N.E.2d 690). Accordingly, we reject defendant's contention that the default judgment was void.

■■ Defendants also contend that the default judgment was, in fact, vacated by the subsequent dismissal for want of prosecution. Pointing out that this dismissal on September 18, 1979 was within 30 days of the default judgment of August 31, 1979, they argue that it constituted a vacatur thereof under section 50(5) (Ill. Rev. Stat. 1979, ch. 110, par. 50(5)), which provides "[t]he court may in its discretion, before final order or judgment,

set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." It is significant, however, that the order for dismissal for want of prosecution was apparently inadvertent, having occurred on a status call of all the cases on a calendar just assigned to the judge who entered the order. We think it clear that it resulted from the unfamiliarity of the substituted judge with the case and that the dismissal was properly vacated on plaintiff's motion on October 12, 1979. Moreover, the unintended dismissal did not, in our view, amount to a setting aside of the default.

The dispositive question, therefore, is whether the trial court erred in granting plaintiff's motion to dismiss defendants' petition to vacate the default judgment. Thus, the question before us concerns only the sufficiency of that petition, which we must determine in accordance with the criteria established by statute and decisional law. Vacatur of such judgments may be obtained under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), which provides in relevant part:

"(1) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. * * *.

(2) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record."

■■ The purpose of such a petition is to bring to the attention of the trial court any facts which, if known to it at the time judgment was entered, would have altered such judgment. (*Illinois Marine Towing Corp. v. Black.*) Proper grounds for relief under this section exist when petitioner demonstrates (1) a meritorious defense, (2) due diligence in presenting the defense in the original action, (3) the trial court's misapprehension of the facts or a valid defense, through no fault or negligence of petitioner, when judgment was entered, and (4) due diligence in filing the relief petition. (*Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 404 N.E.2d 554.) In addition, petitioner must present supporting factual allegations justifying relief (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518), but such facts need only be sufficient to show entitlement to relief from the default rather than success in the underlying action (*Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 398 N.E.2d 972). However, a petition which fails to show *prima facie* entitlement to relief is subject to a motion to dismiss. (*Reich v. Breed* (1979), 70 Ill. App. 3d 838, 388 N.E.2d 994.) The decision to vacate rests within the sound discretion of the trial court (*Harvey v. Harris Trust & Savings Bank* (1979), 73 Ill. App. 3d 280, 391 N.E.2d 461, *cert. denied*

(1980), 445 U.S. 929, 63 L. Ed. 2d 762, 100 S. Ct. 1316) and will not be disturbed on review absent abuse of discretion (*American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 400 N.E.2d 102).

We find no such abuse of discretion here, as we believe that the criteria needed to demonstrate the right to relief under section 72 were not satisfied. Defendants are arguably correct, first of all, that they exercised due diligence in presenting their petition to vacate, as they did so within 20 days of plaintiff's filing of a petition to register the judgment in Texas; but, while James Spencer may have presented a meritorious defense to the breach of contract count in his proposed amended answer in which he admitted the existence of the agreement but asserted breaches thereof by plaintiff, no such defense was presented in the original action and, in fact, he denied the existence of the agreement in his initial answer. Furthermore, he has presented no defense to the counts sounding in conspiracy conversion or intentional interference with plaintiff's prospective business advantage and, of course, the other defendants have presented no defense to any count.

■■ Additionally, over 2½ years elapsed from the time defendants were first served with process and more than one year after the withdrawal of their second counsel before they moved to vacate. In the interim, James Spencer sought removal to the federal district court; Charlene Spencer and J & M Design Services, Inc., challenged the trial court's exercise of personal jurisdiction; all defendants obtained the services of other attorneys; James Spencer filed an answer which admitted to a general denial; and defendants' second counsel withdrew. While such activity was minimal relative to the time that expired, we are struck by the absence of the assertion of a defense. In our view, the totality of the facts attest to the lack of due diligence on the part of all defendants in asserting their defenses. See *Illinois Marine Towing Co. v. Black*; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355; *Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740; *cf. Steinberg's Department Store, Inc. v. Baysingar* (1980), 86 Ill. App. 3d 1140, 409 N.E.2d 8.

■■ Similarly, defendants fail to show that through no fault or negligence of their own, error of fact or a valid defense was not presented to the trial court at the time the default judgment was entered. All parties have a general duty to follow the progress of their case (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719), and section 72 does not afford a remedy to relieve a litigant of the consequences of his own mistakes or his counsel's negligence (*DeMet v. DeMet* (1979), 74 Ill. App. 3d 680, 394 N.E.2d 3). Defendants' assertion that they were not notified of the proceedings is unavailing in light of their failure to present facts which would support a finding of reasonable mistake. The record

contains no information that they contacted their second set of attorneys, plaintiff's attorney, or the court to ascertain the status of the case; or that they attempted to appear at the July 24 hearing, hire other counsel when their attorneys withdrew on that date, obtain a copy of that July 24 order or any other order, or that they made any effort to follow the case at any time thereafter. Considering the course of defendants' conduct, it seems clear that even if there was a failure to apprise the trial court of an error of fact or of a valid defense at the time judgment was entered, defendants were not free of fault or negligence in not bringing such matter to the court's attention. Accordingly, defendants cannot be relieved of the consequences of their own or their counsel's failure to follow the progress of the case.

■■ Defendants correctly point out that where justice and fairness so require, a judgment may be vacated even though the requirement of due diligence has not been satisfied. (*Reuben H. Donnelley Corp. v. Thomas*; *Lutz v. Lutz* (1977), 55 Ill. App. 3d 967, 371 N.E.2d 348.) Thus, an exception to the due diligence requirement is recognized when it is clear from all the circumstances that a party has procured an unconscionable advantage through the extraordinary use of court processes. (*Norvell v. Howard* (1979), 72 Ill. App. 3d 698, 391 N.E.2d 101.) It also has been held that inadvertent failure to follow a case is not proper grounds for relief; but, rather, that some fraud or fundamental unfairness must be shown in order to invoke the court's equitable powers (*Kohler v. Sears, Roebuck & Co.* (1977), 56 Ill. App. 3d 157, 371 N.E.2d 1044). In our view, the conduct of plaintiff does not warrant the conclusion that court processes were used to gain an unconscionable advantage, nor does it suggest fraud or fundamental unfairness. Thus, we think it improper to relax the requirement of due diligence in the present case.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.