STANLEY SKRYPEK, Plaintiff-Appellee, v. JOSEPH A. MAZZOCCHI, Defendant-Appellant.

Second District    No. 2—91—0779

Opinion filed April 9, 1992.

James T. Magee, of Magee, Negele & Associates, of Round Lake, for appellant.

No brief filed for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Joseph A. Mazzocchi, appeals from an order of the circuit court of Lake County which denied his motion to vacate a default judgment entered in favor of plaintiff, Stanley Skrypek. Defendant has raised three issues on appeal: (1) whether the default judgment should have been vacated because it was void; (2) whether the default judgment should have been vacated pursuant to section 2—1301 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301) based upon substantial justice; and (3) whether the default judgment should have been vacated pursuant to section 2—1401 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). We reverse and remand.

Plaintiff filed his two-count complaint against defendant on February 23, 1990. Plaintiff alleged that defendant breached a contract in which he agreed to repair and remodel plaintiff's home and that defendant improperly filed a contractor's lien against the property. Plaintiff sought damages in the total amount of $6,600. Because of the amount of the claim, the cause was assigned to mandatory arbitration (see Ill. Rev. Stat. 1989, ch. 110, par. 2—1001A; 134 Ill. 2d R. 86(b)).

Defendant was served with summons and a copy of the complaint on April 11, 1990. The summons stated that defendant was required to appear on April 25, 1990, at 9 a.m. "to answer the complaint in this case, a copy of which is hereto attached." The summons also stated: "IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT." The summons also stated that, if an appearance and answer were filed by defendant, the cause would be heard by arbitration on June 27, 1990, at 1:30 p.m.

Defendant filed a written appearance on April 24, 1990. Nevertheless, an order was entered on April 25, 1990, which stated that defendant had failed to appear and was in default and that judgment was entered in favor of plaintiff in the amount of $2,810.11. On May 2, 1990, defendant filed an answer to the complaint. He also filed a verified counterclaim seeking $761.16 plus costs. He alleged that this was the balance due from plaintiff for repair work performed on the subject premises.

On July 27, 1990, defendant filed a motion to vacate the default judgment. He alleged that the default judgment was entered without notice to him. He also alleged that he appeared on June 27, 1990, for an arbitration hearing and was advised that the case was not scheduled. He argued that the court was without jurisdiction to enter a default judgment and asked that the judgment be vacated.

A hearing was held regarding defendant's motion on April 4, 1991. An order was entered granting plaintiff leave to file a response to defendant's motion, and the hearing was continued to April 18, 1991. On April 18, an order was entered which granted defendant leave to file "such additional motion or pleading as deemed appropriate," and the cause was set for further hearing on May 15, 1991.

Defendant filed an amended motion on April 24, 1991. Defendant stated that the motion was brought pursuant to section 2—1301 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301). Defendant alleged additional facts in this motion. He alleged that the summons served upon him directed that an appearance be filed on or before April 25,

1990, and an answer within 10 days thereafter. We note that the copy of the summons contained in the record does not contain this language. In the appendix to his brief, defendant has included a copy of a blank summons which states on the back, "If you have filed a written appearance on or before the return day, you must file an answer not later than 10 days after the return day." However, matters outside the record cannot be considered on appeal. *Hanson v. Illinois Liquor Control Comm'n* (1990), 201 Ill. App. 3d 974, 980.

Defendant also alleged in his amended motion that he first learned of the default judgment on June 26, 1990, when plaintiff's counsel left a telephone message for defendant's counsel which advised of the entry of the default judgment and suggested a discussion of settlement. He further alleged that the court file was not available when he appeared for the arbitration hearing set for June 27, 1990, and that he was first able to view the file on July 5, 1990.

Defendant argued that the court lacked jurisdiction to enter the default judgment because he had filed a timely written appearance and was entitled to notice prior to the entry of any default. Defendant further argued that the court had jurisdiction to vacate the default because a void order may be vacated at any time and also because he filed a timely appearance, answer and counterclaim, and the counterclaim remained pending.

In the alternative, defendant contended that the default judgment should be vacated pursuant to section 2—1401 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). He alleged that he had a meritorious defense that no sums were due by him to plaintiff which was demonstrated by a copy of a letter from plaintiff attached to the motion. He also alleged that there was no lack of due diligence on his part and that equity and justice required that the default judgment be vacated.

Plaintiff filed his response to the amended motion on May 15, 1991. Plaintiff argued that the court was without jurisdiction to grant relief pursuant to section 2—1301 of the Code because the motion was filed more than 30 days after final judgment was entered. Plaintiff also argued that defendant was not entitled to relief pursuant to section 2—1401 of the Code because he acted without diligence. Plaintiff asserted that local court rule 17.03(a) provided: "Both plaintiff and defendant shall appear on the return date unless an appearance *and* answer, as well as any other responsive pleading thereto has been filed on or before the return date." (Emphasis added.) (Circuit Court of Lake County R. 17.03(a).) Plaintiff thus argued that defendant did not act with due diligence because he failed to appear in court on

April 25, 1990, failed to file his motion to vacate until one month after he learned of the default judgment, and failed to request a hearing on his motion until eight months after it was filed. Plaintiff also contended that defendant failed to allege facts demonstrating a meritorious defense to the claim.

Following a hearing, an order was entered on May 15, 1991, which denied defendant's motion and dismissed defendant's counterclaim. Defendant then filed a motion to reconsider this ruling which was denied on July 2, 1991. This timely appeal followed.

We initially note that plaintiff has not filed a brief in this matter. We will, however, consider the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128. We also note that the record does not include a report of proceedings or bystander's report for any of the proceedings in this cause. Nevertheless, because there was no testimony given, transcripts of the hearings regarding defendant's motion are not vital to a review of the question whether defendant's motion to vacate the default judgment should have been granted, and the record is adequate for such review. See *In re B.H.* (1991), 218 Ill. App. 3d 583, 586; *McNames v. Rockford Park District* (1989), 185 Ill. App. 3d 291, 293.

Defendant first argues that his motion to vacate the default judgment should have been granted because the default was entered without notice to him, after he filed his appearance, and was therefore void. Defendant contends that the procedure in this cause violated fundamental due process and that, therefore, the court was without inherent authority to enter the default judgment. Defendant also argues that the judgment was void because he was not given immediate notice of the default as required by section 2—1302(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1302(a)). We cannot agree.

■ It is well established that a judgment is void when it is entered by a court which lacks jurisdiction of the parties or of the subject matter, or by a court which lacks the inherent power to enter the particular order involved. (*R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309.) A void judgment may be attacked at any time, either directly or collaterally. (*R.W. Sawant*, 111 Ill. 2d at 309.) However, a "judgment that is merely erroneous is not void and is not subject to collateral attack." *American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 919; see also *Potenz Corp. v. Petrozzini* (1988), 170 Ill. App. 3d 617, 620.

In *Spencer*, two of the defendants filed special and limited appearances objecting to personal jurisdiction over them, and one of the defendants filed an answer to the complaint. (*Spencer*, 100 Ill. App.

3d at 918.) The trial court subsequently entered an order which found that it had personal jurisdiction over the defendants and set the case for status. The status date was later changed, without notice to the defendants. The defendants did not appear on the status date and were found to be in default for failure to appear or plead. *Spencer*, 100 Ill. App. 3d at 919.

■ The defendants in *Spencer* also argued that the default judgment entered against them was void because of the lack of or defective notice of proceedings. (*Spencer*, 100 Ill. App. 3d at 919.) The appellate court disagreed, noting that Illinois' courts have held that a defaulted party is not entitled to notice of a plaintiff's intention to move for default. (*Spencer*, 100 Ill. App. 3d at 920; see also *Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 914; *Limar-Pinehurst, Inc. v. Welter* (1976), 38 Ill. App. 3d 800, 804-05 (judgment denying the defendant's motion to vacate a default judgment affirmed where the default was entered after the defendants filed a written appearance but did not file an answer).) In this cause, defendant could be considered technically in default, based upon the language on the front of the summons, because he did not file an answer before the return date or personally appear on the return date. The failure to notify defendant prior to the entry of the default judgment therefore did not render the judgment void.

The court in *Spencer* also noted that the failure to notify a defendant after a default judgment has been entered does not render it void. (*Spencer*, 100 Ill. App. 3d at 920; see also *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 379; *Flisk v. Central Area Park District* (1990), 203 Ill. App. 3d 253, 258.) Based on *Spencer*, we conclude that, while the default judgment entered in this cause may have been erroneous, it was not void. The cases cited by defendant do not persuade us to the contrary. He has cited cases which deal with a situation where orders were held void when entered without notice to a party not found in default (see *Maras v. Bertholdt* (1984), 126 Ill. App. 3d 876, 881) or a situation where orders were held void when notice was not given pursuant to section 2—604 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—604), which requires notice to a defaulted party when relief is sought beyond that prayed for in the original pleading (see *Rauscher v. Albert* (1986), 145 Ill. App. 3d 40, 46-47). Neither of those situations is present here.

■ Defendant next argues that his motion was properly brought pursuant to section 2—1301(e) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e)) and should have been granted because substan-

tial justice supports vacating the judgment. Section 2—1301(e) provides:

> "(e) The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e).

Defendant's motion was not filed within 30 days after the entry of the default judgment. Defendant contends, however, that section 2—1301(e) still applies because the default judgment entered on April 25, 1990, was not "final." He argues that this is true because his timely counterclaim, filed May 2, 1990, was still pending. Defendant therefore asserts that his motion was filed "before final order or judgment" and should have been granted pursuant to section 2—1301(e).

■ We agree with defendant that section 2—1301(e) applies if the default is not a final order. (See *Hall v. Jacobs, Camodeca & Timpone* (1985), 134 Ill. App. 3d 516, 520; *In re Marriage of Kopec* (1982), 106 Ill. App. 3d 1060, 1063.) We must therefore determine whether the default entered in this cause was final. A " 'judgment is final if it decides the controversy between the parties on the merits and fixes their rights, so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution.' " (*People v. Kuhn* (1988), 126 Ill. 2d 202, 207, quoting *In re J.N.* (1982), 91 Ill. 2d 122, 127; see also *Voiland v. Warsawsky* (1989), 182 Ill. App. 3d 332, 334-35.) At the time the default judgment in this cause was entered, it was clearly a final judgment because it entered judgment in favor of plaintiff and set the amount of damages, thereby fixing the rights of the parties. There was nothing else pending.

We recognize that there is some logic to defendant's argument that his counterclaim was "pending" at the time he filed his motion to vacate so there had not been a final resolution of the litigation. However, defendant has cited no factually equivalent authority for his contention that the filing of a counterclaim, after a default judgment setting damages was already entered, causes the default judgment to become a nonfinal order. We decline to so hold. A trial court loses jurisdiction over a final judgment unless, within 30 days after its entry, a timely motion directed against the judgment is filed. (134 Ill. 2d R. 303(a)(1); see also *Northern Illinois Gas Co. v. Midwest Mole, Inc.* (1990), 199 Ill. App. 3d 109, 115.) In this cause, the default judgment was final when it was entered. Defendant did not file a "motion directed against the judgment" within 30 days, but only filed his an-

swer and counterclaim. We therefore conclude that defendant's section 2—1301(e) motion was not timely.

■ Defendant finally argues that he was entitled to relief pursuant to section 2—1401 of the Code. We agree. As we have determined that the default judgment in this cause was not void and was final when entered, defendant's motion to vacate, filed more than 30 days after its entry, must be construed as a petition for relief from a final judgment under section 2—1401 of the Code. *Northern Illinois Gas*, 199 Ill. App. 3d at 115.

We conclude that defendant's section 2—1401 petition should have been granted because the default judgment was erroneously entered. The judgment stated that summons was served on defendant and that defendant failed to appear. However, defendant had, in fact, filed a written appearance the day before the default judgment was entered. We recognize that plaintiff argued in the trial court that defendant was in default because he failed to file an appearance *and* answer and also failed to appear personally on the return date. However, the default judgment was based on a finding that defendant totally failed to appear. This finding was erroneous.

Defendant did appear prior to the entry of the default judgment, and his motion to vacate should have been granted in the interest of justice and fairness. A default judgment should be vacated pursuant to section 2—1401 when it is entered under unfair or unjust circumstances. (See *Romito v. Williamson* (1989), 180 Ill. App. 3d 142, 145.) "One of the guiding principles *** in the administration of section 2—1401 relief is that the petition invokes the equitable powers of the circuit court, which should prevent enforcement of a default judgment when it would be unfair, unjust, or unconscionable." *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 225; see also *Halle v. Robertson* (1991), 219 Ill. App. 3d 564, 569.

Typically, a determination regarding whether a section 2—1401 petition to vacate a default judgment should be granted depends on whether the allegations in the petition have adequately established the existence of a meritorious defense, due diligence in presenting the defense in the original action and due diligence in filing the section 2—1401 petition. (See *Airoom*, 114 Ill. 2d at 220-21.) Under these unique circumstances, however, where the default judgment was erroneously entered, we need not determine whether defendant adequately established the exercise of due diligence and the existence of a meritorious defense.

We do note, however, that the record supports defendant's claim that he exercised due diligence both in presenting his defense to the

circuit court and in filing the section 2—1401 petition for relief. Defendant filed his written appearance 13 days after he was served with summons, and his answer and counterclaim were filed only 21 days after the service date. This was in compliance with the language defendant alleged was included on the summons he received. Plaintiff did not notify defendant that a default judgment was entered until two months after its entry. The fact that plaintiff did not give defendant immediate notice of the entry of the default order as required by section 2—1302(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1302(a)) is a factor to consider in determining whether a defendant exercised due diligence. (See *Genesis & Sons, Ltd. v. Theodosopoulos* (1991), 223 Ill. App. 3d 276, 281-82.) Only a month after he became aware of the judgment, defendant filed his motion to vacate the default judgment.

For the foregoing reasons, we conclude that the trial court abused its discretion in denying defendant's petition for relief pursuant to section 2—1401. Accordingly, the judgment of the circuit court of Lake County is reversed, and this cause is remanded.

Reversed and remanded.

WOODWARD and DUNN, JJ., concur.