2026 IL App (1st) 251248-U
No. 1-25-1248

SIXTH DIVISION
June 26, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CAVALRY SPV I, LLC, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20221115534 |
| | ) | |
| JAMES K. BERNARD JR., | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Martin Paul Moltz, |
| | ) | Judge, presiding. |
| | ) | |
| | ) | |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

*Held*:     We affirm the dismissal of appellant's section 2-1401 petition (735 ILCS 5/2-1401 (West 2022)) because appellant failed to demonstrate due diligence in presenting his defense. We further find that we lack jurisdiction to review the circuit court's denial of appellant's motion to set a hearing on bystander's report.

¶ 1      Plaintiff, Cavalry SPV I, LLC ("Cavalry"), filed a complaint against James K. Bernard, Jr. ("Bernard") stating a claim for account stated, to recoup a balance of $10,432.50 due on a revolving line of credit issued by Citibank, N.A. ("Citibank") that was charged off and

subsequently acquired by Cavalry in 2021. Bernard filed an appearance through counsel, but no answer to the complaint was filed. Default judgment was entered in favor of Cavalry on May 7, 2024.

¶ 2          Claiming that his attorney, Douglas K. Morrison ("Morrison"), had failed to communicate the default judgment to him, and that his attorney had acted negligently in representing him in the suit, Bernard had his attorney withdraw and brought a number of post-judgment motions *pro se*. Pertinent to this appeal, Bernard filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)), seeking to vacate the judgment. On Cavalry's motion, the court dismissed the section 2-1401 petition. The circuit court later denied Bernard's request to reconsider its denial of his petition as well as his motion to set a hearing on a proposed bystander's report.

¶ 3          Because Bernard failed to demonstrate due diligence in raising his defense, and because we lack jurisdiction over the circuit court's denial of his bystander's report motion, we affirm.

¶ 4                                           I. BACKGROUND

¶ 5          In an Illinois Supreme Court Rule 280.2 affidavit (Ill. S. Ct. Rule 280.2 (eff. Nov. 1, 2019) signed by a designated representative of Cavalry, plaintiff set forth the following facts. On February 19, 2018, Citibank issued Bernard a revolving line of credit. At some point, Bernard failed to make the minimum payment. His last payment on the account was made on, or about, February 21, 2020. On January 26, 2021, the account was charged off. The charge-off balance on that date was $10,432.50. On March 25, 2021, Citibank assigned Bernard's consumer debt to Cavalry.

¶ 6          On August 9, 2022, Cavalry filed an action for account stated, seeking payment of the $10,432.50 debt plus court costs.

¶ 7    Although defendant filed an appearance through counsel on May 5, 2023, no answer was ever filed. On May 7, 2024, the circuit court entered default judgment against defendant, awarding $10,432.50 plus costs. A memorandum of judgment was subsequently recorded on September 10, 2024.

¶ 8    Several months later, on February 7, 2025, Bernard, *pro se*,[1] filed his first motion to vacate the default judgment pursuant to "Rule 60(b) of the Illinois Code of Civil Procedure."[2] Bernard claimed that the default judgment entered against him was the result of his attorney (Morrison's) negligence, specifically his failure to communicate important court filings, deadlines, or the entry of default judgment to Bernard.

¶ 9    Bernard's motion outlined several attempts by Bernard to reach out to Morrison to find out the status of the case between November 2024 and January 2025. Despite hearing from Morrison on two occasions, Bernard claimed his attorney did not advise him of the default judgment before January of 2025, and that he had only found out about the judgment when he called the court directly on January 23, 2025. Bernard claims that his attorney's failure to communicate prevented him from filing an answer and thus resulted in the court holding him in default. Bernard asserted that his attorney's actions constituted excusable neglect, and that the circuit court should vacate the judgment to allow him to reply.

¶ 10    Bernard also asserted that he had a meritorious defense to the suit. Bernard argued that Cavalry failed to submit sufficient evidence to establish the existence of an assignment agreement

---

[1]    Bernard had his attorney withdraw from the case. The withdrawal was recorded in an order entered February 25, 2025.

[2]    From context, we believe Bernard is actually referring to *Federal* Rule of Civil Procedure, Rule 60(b), which allows for vacatur of a judgment based on "excusable neglect." See Fed. R. Civ. P. 60(b). This error is not material to this appeal as our ruling concerns Bernard's 2-1401 petition, which properly arises under the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)).

from Citibank to Cavalry. Because Cavalry had not established their interest in the underlying debt, Bernard argued they lacked standing to bring the action against him.

¶ 11 Prior to the presentment date of the first motion to vacate (February 25, 2025), Bernard submitted an amended petition that asserted similar arguments under section 2-1401 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2024). The amended petition additionally argued that Bernard had acted diligently in bringing his section 2-1401 petition. Bernard's amended petition was filed a little over a month after he claims to have learned of the default judgment against him.

¶ 12 The section 2-1401 petition was supported by an affidavit. Bernard attested that he did not know of the judgment until he contacted the court in January of 2025, and that his attorney had failed to inform him of court filings despite Bernard's attempts to contact him. Bernard also attested that he had a meritorious defense because plaintiff failed to provide sufficient documentation to prove ownership of the debt including a valid assignment agreement showing a complete chain of title or the original signed credit agreement between Bernard and Citibank.

¶ 13 On May 15, 2025, after receiving briefing on the motion, the court denied Bernard's section 2-1401 petition. Bernard subsequently filed a motion to reconsider that was also denied.

¶ 14 Bernard then filed a notice of appeal. He also filed a motion to set a hearing on a bystander's report since there was no transcript or explanatory written ruling for the court's denial of his section 2-1401 petition. The circuit court denied the motion.

¶ 15                                             II. ANALYSIS

¶ 16 On appeal, Bernard challenges the dismissal of his section 2-1401 petition, as well as the denial of his motion to set a hearing on a bystander's report.

¶ 17        We first find that we lack jurisdiction to review the court's denial of Bernard's bystander's report motion. Next, we conclude that Bernard's section 2-1401 petition failed to demonstrate due diligence in presenting his defense to the court, and thus the circuit court did not abuse its discretion in denying it. Thus, we affirm the court's dismissal of the section 2-1401 petition.

¶ 18        A. Standard of Review

¶ 19        On appeal, we review the "judgment, not the reasoning, of the trial court, and we may affirm on any grounds in the record, regardless of whether the trial court relied on those grounds." *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 24 (citation omitted). "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Where the appellant fails to supply a complete record, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392.

¶ 20        The standard of review for a dismissed section 2-1401 petition turns on whether the petition presents a purely legal challenge or whether it is fact-dependent. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Where a section 2-1401 petition presents a purely legal challenge, the order on the petition is reviewed *de novo*. *Id.* ¶ 47.

¶ 21        Where the petition raises a fact-dependent challenge, the petition "must set forth factual allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense; and (3) due diligence in filing the section 2-1401 petition for relief." *Id.* ¶ 51 (citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 225 (1986). The circuit court's ultimate decision on a fact-dependent petition is reviewed for an abuse of discretion. *Id.*

¶ 22        B. The Court Did Not Err in Denying Bernard's Bystander's Report Motion

¶ 23        Bernard argues in his brief that the circuit court erred where it denied his motion to set a hearing on or certify his bystander's report. Per his motion, Bernard "submitted" his bystander's report on June 1, 2025 (the same date that the notice of appeal was filed), and he served the report on plaintiff's counsel the next day. Consequently, Bernard argues that the circuit court was required to certify the bystander's report or to hold a hearing on it pursuant to Illinois Supreme Court Rule 323(c). However, Bernard's notice of appeal only sought review of the final judgment dismissing his section 2-1401 petition; he did not specify in his notice of appeal that he sought to challenge the court's post-judgment denial of his bystander's report motion. Bernard also did not amend his notice of appeal or file an additional notice attacking the court's post-judgment order. Instead, the challenge is raised for the first time in Bernard's opening brief. We therefore lack jurisdiction over this order.

¶ 24        Under Supreme Court Rule 303(b)(2), a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S.Ct. R. 303(b)(2) (eff. Sept. 1, 2006). "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). The purpose of a notice of appeal is to provide the prevailing litigant notice of the " 'nature of the appeal' "—the " 'judgment complained of and the relief sought.' " *Id.* (quoting *People v. Smith*, 228 Ill. 2d 95, 105 (2008). An "unspecified judgment is reviewable if it is a 'step in the procedural progression leading' to the judgment specified in the notice of appeal" *Burtell v. First Charter Service Corp.*, Ill. 2d 427, 435 (1979) (quoting *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3rd Cir. 1977); see also *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 27.

¶ 25    Both *Pappas* and *Smith* involved attacks on post-judgment orders that were not identified in the notice of appeal. In *Pappas*, for instance, the supreme court concluded that the appellate court lacked jurisdiction to consider the circuit court's post-judgment award of judgment interest where the appellant failed to amend their notice of appeal, or file a new notice of appeal, attacking the judgment interest order. *Pappas*, 242 Ill. 2d at 176-78. Similarly, in *Smith*, the notice of appeal only referred to the conviction order and not the subsequent denial of a motion for sentence correction. *Smith*, 228 Ill. 2d at 101. Consequently, the appellate court lacked jurisdiction to review the court's denial of the sentencing correction motion. *Id.* at 105. A notice of appeal generally does not extend to post-judgment rulings even where they are related to the final judgment attacked on appeal.

¶ 26    For similar reasons, we find that Bernard's notice of appeal fails to vest us with jurisdiction over the post-judgment denial of his motion to set a hearing on his bystander's report. Bernard's notice of appeal only attacks the dismissal of his section 2-1401 petition (and the order denying reconsideration). The denial of the bystander's report was not a step in the procedural progression leading to the final judgment but was instead a collateral issue within the circuit court's jurisdiction after the appeal was filed. No amendment or notice of appeal was filed to seek review of the court's ruling on the bystander's report motion. Bernard's challenge to the order in his opening brief was not sufficient to request review of the bystander's report order under Rule 303(b)(2). We find this analysis equally applicable to other orders attacked in appellant's brief (but *not* in his notice of appeal), including his motion to stay enforcement pending appeal and his motion to waive the appeal bond.

¶ 27    Nevertheless, even if we had jurisdiction to review the order, we would nonetheless find that the record does not support Bernard's challenge. Per Rule 323,

"[t]he proposed report shall be served on all parties within 28 days after the notice of appeal is filed. Within 14 days after service of the proposed report of proceedings, any other party may serve proposed amendments or an alternative proposed report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings." Ill. S. Ct. Rule 323(c) (eff. July 1, 2017).

¶ 28 Although Bernard claims in his motion to have submitted and served a proposed bystander's report within 28 days of the filing of his notice of appeal, there is no bystander's report included in the record, nor is there any evidence in the record that he served a bystander's report on plaintiff's counsel. Bernard's motion to set a hearing on the bystander's report does not include any exhibits; no proposed report or proof of service is attached.

¶ 29 Under *Foutch*, we resolve doubts arising from the incompleteness of the record against the appellant. 99 Ill. 2d 389 at 392; cf. *In re Parentage of G.E.*, 2016 IL App (2d) 150643, ¶¶ 14-16 (circuit court erred in certifying bystander's report where record did not show that respondent provided respondent with a proposed report as required by Rule 323(c)). On this record, we lack any evidence that the circuit court ever actually received a proposed report, or objections, such that it would be required to hold a hearing and certify a bystander's report pursuant to Rule 323. Following the principle set forth in *Foutch*, we would presume that the court did not err in denying Bernard's motion or by failing to hold a hearing on or certify Bernard's proposed bystander's report.

¶ 30 C. The Court Did Not Err in Dismissing Bernard's section 2-1401 Petition

¶ 31    For a fact-dependent challenge, a section 2-1401 petition must demonstrate (1) the existence of a meritorious defense; (2) due diligence in presenting this defense; and (3) due diligence. Because it is dispositive, we focus our attention to the second element.

¶ 32    "Due diligence requires the section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time." *Airoom* 114 Ill. 2d at 222. The petitioner must show that "under the circumstances, he acted reasonably, and not negligently, when he failed to initially resist the judgment." *Id.* There is no brightline test; courts must consider "all of the circumstances attendant upon entry of judgment *** including the conduct of the litigants and their attorneys." *Id.*

¶ 33    The trial court may relax the due diligence requirement based on equitable considerations. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 51 (citing *Airoom* 114 Ill. 2d at 226-29). However, " '[r]elaxation of the due diligence requirement thereby entitling a defendant to a motion to vacate judgment is justified only under extraordinary circumstances' " *In re Marriage of Harnack and Fanady*, 2014 IL App (1st) 121424, ¶ 60 (quoting *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 60 (2005)). Such relaxation may be warranted where a party has procured an " 'unconscionable advantage through the extraordinary use of court processes' " or where the failure to exercise due diligence was caused by "circumstances occurring outside the record and beyond petitioner's control." *Id.* (quoting *American Consulting Association, Inc. v. Spencer*, 100 Ill. App. 3d 917, 923 (1981)).

¶ 34    Bernard alleges and avers that the default judgment issued against him was a result of his attorney's negligence in defending him. According to Bernard, his attorney failed to advise him of important litigation deadlines, such as the deadline for filing an answer, or developments including the default judgment entered against him. Bernard, however, does not suggest an explanation for

his attorney's negligence. The record is devoid of any circumstance explaining the attorney's failure to file an answer or advise his client of the judgment. Bernard, therefore, maintains that he should not be held responsible for his attorney's negligence, and that he acted diligently in presenting his defense to the court.

Bernard's position, however, is not supported by the law. In civil cases, litigants are "generally bound by the negligence of his legal counsel which resulted in the entry of a default judgment." *Ameritech Publishing*, 362 Ill. App. 3d at 60; see also *People v. Lawton*, 212 Ill. 2d 285, 299-300 (2004) ("If this were a conventional civil case in which a litigant sought to collaterally attack a judgment on the grounds that his lawyer was negligent, there would be no question that relief would not lie under section 2-1401."). "Inadvertent failure to follow a case is not proper grounds for relief; [rather] some fraud or fundamental unfairness must be shown in order to invoke the court's equitable powers." *American Consulting Association*, 100 Ill. App. 3d at 923.

¶ 35        Courts may consider whether the circumstances of a party's failure to follow the case warrants equitable relaxation of the diligence requirement, such as in *Paul v. Gerald Adelman & Associates*, where the litigant's case was dismissed for want of prosecution after being placed on the court's bankruptcy calendar. 223 Ill. 2d 85, 105-6 (2006). As the court noted, after the case was stayed while the bankruptcy proceedings were occurring, "plaintiff could reasonably assume that no activity could or would occur in that court" and had "no reason to believe that a check of the Cook County court docket was necessary." *Id.* at 106.

¶ 36        Here, however, there are no circumstances warranting an equitable relaxation of the diligence standard. See *In re Marriage of Harnack and Fanady*, 2014 IL App (1st) 121424, ¶ 61 (no relaxation of diligence standard where there was no evidence of extraordinary circumstances

presented in the petition). Bernard failed to follow the progress of his case. In his own timeline, Bernard did not follow up with his attorney regarding the case until six months after the default judgment was entered, and he only discovered the default judgment eight months after its entry. Bernard's petition does not present any circumstances that would excuse his own failure to follow the progress of the case, nor for his attorney's failure to file an answer or communicate about the case. Under the caselaw, this is not enough: "[a]ll parties have a general duty to follow the progress of their case" and they may not be "relieved of the consequences of their own or their counsel's failure to follow the progress of the case." *American Consulting Association*, 100 Ill. App. 3d at 922-23.

¶ 37        We find Bernard's case distinguishable from *Cavalry Portfolio Services v. Rocha*, 2012 IL App (1st) 111690, in which the appellate court reversed the dismissal of a similar section 2-1401 petition. In *Rocha*, a credit card debtor filed a section 2-1401 petition that raised the same standing issue against the same defendant as in this case. However, in *Rocha*, the petition was filed only three days after the default judgment was entered—"as soon as counsel was aware of the judgment entered against Rocha"—and the inadvertent failure to file an answer was alleged to be the result of counsel's office inadvertently mis-calendaring a trial court order. *Id.* ¶ 15. In comparison, several months passed before Bernard sought to raise his defense, and the record does not present an excuse for his delay or for his or his attorney's failure to follow the case.

¶ 38        Because Bernard's petition raises a fact-dependent challenge, we review the court's judgment for abuse of discretion. *Airoom, Inc.*, 114 Ill. 2d at 225; see also *Rocha*, 2012 IL App (1st) 111690, ¶ 10 (abuse of discretion standard applies to due diligence requirements). Where the facts do not demonstrate that appellant acted diligently in presenting his defense to the court, we

do not believe it was an abuse of discretion for the circuit court to dismiss his section 2-1401 petition.

¶ 39      D. Appellant's Other Arguments

¶ 40      Because the appellant's lack of diligence in raising his defense is sufficient to dispose of the appeal, we forego a detailed discussion of appellant's other arguments. Were we to address them individually, we would find them to also be unmeritorious.

¶ 41      Briefly, we find appellant's "cumulative error" argument to be inapplicable and unpersuasive. Cumulative error doctrine provides that "individual trial errors that do not entitle a defendant to appellate relief may do so if the errors, when considered in the aggregate *** 'deny[] [the] defendant a fair trial.' " *People v. Quezada*, 2024 IL 128805, ¶ 46 (quoting *People v. Speight*, 153 Ill. 2d 365, 376 (1992)). The doctrine concerns errors that occur *at trial*, not any errors generally occurring during the course of a case. Bernard, however, misapplies the doctrine to the "compounding procedural denials" of his motions. Furthermore, Bernard premises his argument on the assumption that the court's denial of several procedural orders was erroneous, and he draws the unsupported conclusion that such errors warrant reversal. Notably, Bernard includes the denial of post-judgment motions, such as his bystander's report motion and his motion to waive appeal bond, as cumulative errors, although such rulings had no bearing on the denial of this section 2-1401 petition. Those holdings could not have contributed to any error regarding Bernard's section 2-1401 petition. Ultimately, Bernard's argument fails to identify any error, individual or cumulative, that would warrant reversal.

¶ 42      Lastly, although not material to our analysis, we note that appellant's brief, as well as his filings before the circuit court, contained a significant number of citations that apparently do not

exist,[3] do not support the proposition cited for, or which are attributed hallucinated quotations.[4] Whether these citations were the product of generative AI assistance, or poor research and citation practices, we cannot speculate. We do, however, reiterate that it is a litigant's responsibility, whether *pro se* or a licensed attorney, to comply with Illinois Supreme Court Rules, including rules 137 and 341(h)(7), when submitting briefs to this and the trial court. See Il. R. S. Ct. Rule 137(a), (f) (eff. Jan. 1, 2018); Rule 341 (eff. Oct. 1, 2020); see also *Pletcher v. Village of Libertyville Police Pension Board*, 2025 IL App (2d) 240416-U, ¶ 28.[5]

¶ 43    We did not rely on any case in this disposition that could not be independently located and verified.

¶ 44                        III. CONCLUSION

¶ 45    For the foregoing reasons, we affirm the dismissal of Bernard's section 2-1401 petition and the denial of his corresponding motion to reconsider.

¶ 46    Affirmed.

---

[3]    For example, petitioner's amended 2-1401 petition cites to the nonexistent cases *State Bank of Freeport v. Pengrag, Inc.*, 227 Ill. App. 3d 295 (2nd Dist. 1992), *Sprague v. Biggs,* 221 Ill. App. 3d 471 (1st Dist. 1991), and *Cavalry SPV I, LLC v. McCaleb*, 2019 IL App (1st) 181562-U.
[4]    For example, petitioner's opening brief attributes a quote to the nonexistent case *CACH, LLC v. Carle*, 2014 IL App (1st) 130465. The quoted language, however, does not appear in any Illinois case.
[5]    Nonprecedential orders entered under Illinois Supreme Court Rule 23(b) on or after January 1, 2021 may be cited as persuasive authority. Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025).