FOURTH DIVISION
AUGUST 17, 2006

No. 1-05-3025

PRENAM NO. 2, INC.,                           )        Appeal from the
                                                      )        Circuit Court of
    Plaintiff-Appellee,                    )        Cook County.
                                                      )
v.                                                    )        No. 03 CH 19349
                                                      )
THE VILLAGE OF SCHILLER PARK,          )        Honorable
                                                      )        Thomas P. Quinn,
    Defendant-Appellant.               )        Judge Presiding.

     JUSTICE CAMPBELL delivered the opinion of the court:

     Defendant Village of Schiller Park (the Village) appeals the circuit court order

granting plaintiff Prenam No. 2, Inc.'s[1] motion to vacate a prior court order that

dismissed plaintiff's fifth amended complaint against the Village, contending that plaintiff

failed to satisfy the requirements for relief under section 2-1401 of the Code of Civil

Procedure.  735 ILCS 5/2-1401 (West 2004) (the Code).  Specifically, the Village

asserts that plaintiff failed to state new facts that were not of record and failed to

demonstrate due diligence.  We reverse.

---

     [1]The successor plaintiff in this action is the corporate entity identified as

"Bestway Investment, Corp. and O'Hare Inn & Suites, LLC.," which is generally referred

to as "Bestway."

In November 2003, plaintiff filed a complaint for inverse condemnation and injunctive relief against the Village. The circuit court dismissed the complaint and granted plaintiff time to amend. Thereafter, plaintiff, which was initially represented by Gary Tucker and later represented by both Tucker and the firm of Weisberg Associates, Ltd. (Weisberg), filed a variety of pleadings, including successive amended complaints. In turn, the Village filed multiple responsive pleadings, including successive motions to dismiss plaintiff's various complaints.

Ultimately, on February 22, 2005, after various pleadings from the Village and plaintiff, the court allowed plaintiff to file a fifth amended complaint against the Village, which sought to quiet title to real property and injunctive relief. The subject property apparently operated as a hotel and the Village sought to acquire it for a redevelopment project, claiming the property was blighted and unmarketable. After a hearing, where no representative of plaintiff appeared, the court granted the Village's motion to dismiss plaintiff's fifth complaint on May 2, 2005 (hereinafter May 2 dismissal order).

Subsequently, plaintiff filed two unsuccessful motions to vacate the May 2 dismissal order. The first motion to vacate was filed by Weisberg on May 13, 2005, and was denied by the court on May 19, 2005 (hereinafter May 19 denial order). The second motion to vacate was filed by Tucker on May 23, 2005, and withdrawn on June 6, 2005.

On June 29, 2005, plaintiff, through Tucker, filed a "petition" pursuant to section 2-1401 of the Code, seeking to vacate the court's May 2 dismissal order[2]. In plaintiff's

---

[2]In plaintiff's petition, plaintiff provides incorrect dates for a number of its prior

section 2-1401 petition, plaintiff alleged that Tucker did not have notice of the hearing on Weisberg's motion to vacate, Weisberg did not have authorization to file such a motion, and that Weisberg had been informed that Tucker would handle any motion to vacate the May 2 dismissal order. Plaintiff further alleged that when the court issued its May 19 denial order, "the court did not know nor was it advised it had previously denied [the Village's] motion to dismiss Count I (color of title) as presented by Gary Tucker." Plaintiff asserted that the court's May 2 dismissal order "is in error and not based upon all the facts, that, if known by the court, would have prevented entry of [the May 2 dismissal order]." Based on these assertions, plaintiff requested the court to vacate its May 2 dismissal order.

Plaintiff attached to its petition the affidavit of Babu Patel, who attested that he was the president of successor plaintiff Bestway. Patel attested that he hired Weisberg for the "sole purpose" of "compelling" the Village to issue plaintiff certain usage permits related to the property. Patel further attested that after he learned of the court's May 2 dismissal order, he contacted Weisberg and told Weisberg that Tucker would handle the motion to vacate the dismissal order. Patel acknowledged that Weisberg filed a motion to vacate the May 2 dismissal order, but attested that "[a]t no time was [Weisberg] authorized by [plaintiff] to present the motion to vacate the [May 2 dismissal order]."

---

filings and the court's prior orders. Based on our review of the record, our order references accurate dates.

The Village filed a response to plaintiff's section 2-1401 petition, alleging primarily that plaintiff failed to meet the requirements for relief under section 2-1401 of the Code. Specifically, the Village asserted that plaintiff failed to allege new facts that were not already contained in the record and failed to demonstrate due diligence in presenting the defense.

In reply, plaintiff asserted that the petition met the requirements of section 2-1401. Specifically, plaintiff stated that it demonstrated a meritorious defense or claim in that the fifth complaint contained a quiet title claim, which was the same type of claim contained in a prior complaint which had survived the Village's motion to dismiss. Plaintiff further stated that it exercised due diligence in filing its section 2-1401 petition and filing its fifth complaint. Plaintiff also claimed that "[t]hrough a misunderstanding and/or the misdocketing by [p]laintiff's counsel, no attorney appeared for [p]laintiff at the May 2, 2005, hearing, resulting in [the circuit] court's order dismissing the entire action."

In August 2005, the circuit court granted plaintiff's section 2-1401 petition. The court stated that it agreed with plaintiff's argument that the court would not have dismissed the fifth complaint had it known that a claim to quiet title had previously survived one of the Village's prior motion to dismiss. The court found, in pertinent part, as follows:

"Plaintiff exercised due diligence in originally

attempting to vacate [the May 2 dismissal order] by filing a

timely motion to vacate. Due diligence was exercised in pre-

senting this §2-1401 petition. Plaintiff has shown a

meritorious claim because its claim to quiet title has already survived a motion to dismiss.  Also, this court would not have dismissed plaintiff's complaint *** if plaintiff had appeared and informed the court that a similar motion had previously been denied.  Accordingly, plaintiff's §2-1401 petition is granted and the [dismissal] order of 5/2/05 is vacated."

On appeal, the Village contends that the circuit court erred in granting plaintiff's section 2-1401 petition to vacate the court's May 2 dismissal order because plaintiff failed to satisfy the requirements for relief.  Specifically, the Village asserts that plaintiff failed to state new facts that were not of record and failed to demonstrate due diligence.

Section 2-1401 of the Code details a statutory procedure which allows final judgments to be vacated.  Ameritech Publishing of Illinois, Inc. v. Hadyeh, 362 Ill. App. 3d 56, 59 (2005).  The purpose of a section 2-1401 petition is to make the circuit court aware of facts not appearing in the record which, if known to the court at the time of judgment, would have prevented the court's entry of judgment.  Beauchamp v. Zimmerman, 359 Ill. App. 3d 143, 147 (2005).  In order to receive relief under section 2-1401, a petition must affirmatively allege specific facts to support each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition seeking relief.  Ameritech, 362 Ill. App. 3d at 59, citing Smith v. Airoom, Inc., 114 Ill. 2d 209, 220-21 (1986).  The petition must also be supported by affidavit or other appropriate showing as to matters not of record.  735

ILCS 5/2-1401(b) (West 2004). A circuit court has discretion to rule upon a section 2-1401 petition, which depends upon the facts and equities presented. Smith, 114 Ill. 2d at 221. Therefore, a reviewing court may disturb the circuit court's ruling on a section 2-1401 petition only if it finds that the circuit court abused its discretion. Smith, 114 Ill. 2d at 221.

In addition, because section 2-1401 is not intended to relieve a litigant of the consequences of his mistake or negligence, a litigant must establish that his failure to defend against the underlying legal action was the result of an excusable mistake and that he acted reasonably under the circumstances, as opposed to negligently, when the litigant failed to initially resist the judgment. Smith, 114 Ill. 2d at 222. Accordingly, a litigant is generally not entitled to relief under section 2-1401 "where [that litigant] negligently failed to assert a defense or make facts known to the court prior to the entry of judgment." Ameritech, 362 Ill. App. 3d at 59.

After reviewing the record in this case, we find that plaintiff's specific factual allegations in his section 2-1401 petition were insufficient to entitle plaintiff to relief. First, contrary to the purpose of section 2-1401, plaintiff based its defense on a matter that was apparent from the record. See Beauchamp, 359 Ill. App. 3d at 147 (purpose of section 2-1401 petition is to make the trial court aware of facts not appearing in the record). Here, plaintiff solely relied upon one of the circuit court's previous orders, which pertained to plaintiff's prior complaint to quiet title and denied the Village's motion to dismiss that complaint. Moreover, plaintiff's prior pleadings, including the previous claim to quiet title, were no longer properly before the court because plaintiff effectively

abandoned those prior pleadings by filing the fifth amended complaint without incorporating or referring to the prior pleadings. Pappas v. Pella Corp., 363 Ill. App. 3d 795, 801 (2006), citing Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp., 96 Ill. 2d 150, 153-54 (1983). Thus, where plaintiff asserted its meritorious defense based upon issues which were apparent from the record and were no longer at issue due to plaintiff's subsequent pleadings, we cannot find that plaintiff sufficiently alleged a meritorious defense under section 2-1401.

Second, plaintiff failed to plead sufficient facts to establish that it acted diligently in bringing the particular defense to the circuit court's attention. Most significantly, as both the circuit court and plaintiff recognized, the primary reason that the court was not aware of its prior order on plaintiff's previous pleadings was because plaintiff failed to appear at the hearing and inform the court.

According to plaintiff, the reason it did not appear at the hearing was due to a "misunderstanding" or "misdocketing" by its legal counsel. However, a litigant is ordinarily bound by the negligence of his legal counsel. Ameritech, 362 Ill. App. 3d at 60. Additionally, although a circuit court may decline to impute counsel's negligence to a litigant in the existence of mitigating circumstances, this court has observed that relaxation of the due diligence requirement under section 2-1401 is "justified only under extraordinary circumstances." Ameritech, 362 Ill. App. 3d at 60. Here, plaintiff's section 2-1401 petition does not allege, nor does the record contain, any mitigating circumstances that would reasonably justify the relaxation of the due diligence require-ments, or otherwise establish that plaintiff's failure to attend the hearing on the motion to

dismiss was due to anything other than the negligence of plaintiff or its counsel. See Smith, 114 Ill. 2d at 224-25 (concluding "[w]hen all of the circumstances of this case are viewed in their entirety, there is no doubt that [the litigant's] dilemma is the result of its own negligence and indifference to or disregard of the circuit court's process.")

Accordingly, where plaintiff failed to show a meritorious defense and failed to show that it exercised due diligence in bringing this matter to the attention of the trial court, we conclude that plaintiff failed to plead sufficient specific factual allegations to entitle plaintiff to relief under section 2-1401 of the Code. Therefore, we find that the trial court abused its discretion in granting plaintiff's section 2-1401 petition to vacate the May 2 dismissal order. See Ameritech, 362 Ill. App. 3d at 64 (reversing the trial court's order granting a litigant's section 2-1401 petition where, in pertinent part, the litigant failed to show due diligence and a meritorious defense).

We are not persuaded by plaintiff's argument that the trial court "merely" corrected an error it had made when it granted plaintiff's section 2-1401 petition. Notably, regardless of any alleged error committed by the circuit court in this case, plaintiff was still required to provide sufficient allegations to entitle it to relief under section 2-1401 of the Code. Further, plaintiff's reference to this court's decisions involving the revestment doctrine is misplaced because that doctrine is not relevant to the issues presented in this case. See, e.g., Allstate Insurance Co. v. Anderson, 329 Ill. App. 3d 93, 96 (2002) (discussing the revestment doctrine).

For the foregoing reasons, we reverse the judgment of the circuit court and remand to reinstate the judgment in favor of the Village.

Reversed and remanded.

QUINN, P.J., and GREIMAN, J., concur.