# Illinois Official Reports

## Appellate Court

***West Bend Mutual Insurance Co. v. 3RC Mechanical & Contracting Services, LLC*,
2014 IL App (1st) 123213**

| | |
|---|---|
| Appellate Court Caption | WEST BEND MUTUAL INSURANCE COMPANY, as Subrogee of ACS Rental Properties, LLC, Plaintiff-Appellant v. 3RC MECHANICAL AND CONTRACTING SERVICES, LLC, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-3213 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | February 6, 2014<br><br>March 14, 2014<br>March 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's petition under section 2-1401 of the Code of Civil Procedure to vacate plaintiff's default judgment against defendant met the liberal standards for vacature, and, therefore, where defendant was understandably unaware of the action giving rise to the default judgment due to numerous mistakes, there was no abuse of discretion in the trial court's decision to grant defendant's petition, especially when there was no basis for allowing plaintiff to benefit from a large default judgment when defendant had a meritorious defense and no substantial evidence to the contrary was presented by plaintiff. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-12360; the Hon. Michael R. Panter, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Robert Ostojic and Alexander W. Ross, both of Leahy, Eisenberg &
Fraenkel, Ltd., of Chicago, for appellant.

Robert Marc Chemers, Richard M. Waris, Thomas V.P. Draths, and
Philip G. Brandt, all of Pretzel & Stouffer, Chtrd., of Chicago, for
appellee.

Panel

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Epstein concurred in the judgment and
opinion.

**OPINION**

¶ 1    This appeal arises from the trial court's order vacating a default judgment entered against defendant 3RC Mechanical and Contracting Services, LLC, pursuant to defendant's petition filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). On appeal, plaintiff West Bend Mutual Insurance Company, as subrogee of ACS Rental Properties, LLC (ACS), contends that the trial court erred in vacating the judgment because defendant had sufficient notice of the underlying lawsuit while also arguing that the negligence of defendant's registered agent, attorneys, and insurer did not excuse its inaction. We affirm.

¶ 2                              BACKGROUND

¶ 3    On August 3, 2010, defendant filed chapter 7 bankruptcy proceedings with the United States Bankruptcy Court, Northern District of Illinois, naming the co-managing partner Frank Cassano as the debtor contact and listing a Joliet mailing address (Joliet address). Cassano replaced defendant's former registered agent and attorney, Brian Kocis, who maintained an office in Naperville, Illinois (Naperville address). We note that throughout the lawsuit plaintiff continuously served notices and motions on defendant in the care of Kocis at the Naperville address rather than to Cassano, who was the contact. In addition, defendant maintained a business address at its facility in suburban Alsip (Alsip address).

¶ 4    On October 28, 2010, plaintiff filed a two-count complaint against defendant in the circuit court of Cook County (Cook County action) alleging negligence and breach of contract claims. Specifically, plaintiff contended that ACS entered into an oral agreement in which defendant agreed to lift a house owned by ACS to allow construction of a new concrete foundation in exchange for $15,000. The house allegedly fell during the lifting project, causing extensive damage. We note that no written contract has yet been produced. On November 5, 2010, the Du Page County sheriff served Kocis at the Naperville address

with a summons and plaintiff's complaint. Kocis failed to notify Cassano or any of defendant's managing partners.

¶ 5      On February 4, 2011, plaintiff, upon learning of defendant's bankruptcy proceeding, filed a motion requesting that the bankruptcy court lift the automatic stay with respect to plaintiff's action against defendant. Plaintiff specifically contended that defendant had an insurance policy at the time of the alleged house-lifting incident and defendant's policy covered the claim. Plaintiff served its motion upon defendant's bankruptcy attorneys and trustee. The bankruptcy court then entered an order allowing the automatic stay to be lifted.

¶ 6      On February 16, 2011, a case management conference was held in the Cook County action, and no one appeared on behalf of defendant. The trial court entered an order granting a continuance until April 18, 2011, and stated that it would enter a default judgment against defendant if it failed to appear. The court also required plaintiff to serve notice and a motion for default judgment to defendant by certified mail. Furthermore, the court required a copy of the order to be sent to each party by his counsel within 10 days. Plaintiff served a copy of the notice and motion for default on defendant through certified mail at the Naperville address, and it was signed for by Kocis's assistant. In addition, on March 21, 2011, plaintiff sent a facsimile of the order to defendant's insurer. Kocis again failed to send any documentation to defendant, its bankruptcy attorneys, trustee or Cassano.

¶ 7      On April 18, 2011, plaintiff filed a motion for default judgment, and the trial court set a hearing for May 5, 2011. Remaining consistent, plaintiff sent a copy of the motion though certified mail to defendant at its Naperville address. On May 5, 2011, defendant failed to appear at the hearing, and the trial court entered a default judgment against defendant requiring plaintiff to serve a copy of the order on defendant by certified mail. The record indicates that the post office made three unsuccessful attempts to deliver the certified letter to the Alsip address. On June 30, 2011, the circuit court entered a default judgment against defendant in the amount of $80,286.59. In July, the certified letter was finally returned to plaintiff marked "Return to Sender; Unclaimed; Unable to Forward." In late August 2011, Cassano learned of the default order and subsequent judgment and notified defendant's insurer.

¶ 8      In November 2011, defendant's insurer retained counsel and thereafter filed a petition to vacate the May 5 default order and the June 30 judgment pursuant to section 2-1401. On January 10, 2012, defendant withdrew its original petition, filing the current section 2-1401 petition in its place. In an attached affidavit, Cassano stated that (1) defendant and ACS did not have any agreement to perform the house-lifting services; (2) he first learned of the lawsuit in late August 2011; (3) he was defendant's primary contact person following its bankruptcy petition; (4) Kocis never advised Cassano of the Cook County action; and (5) Cassano never received copies of the February 16 or May 5 default orders. Plaintiff filed a response brief arguing that defendant failed to show the extraordinary circumstances necessary that would excuse defendant's lack of due diligence and failure to appear. Defendant filed a response brief and a second Cassano affidavit, in which Cassano stated that defendant did not perform house-lifting services and that neither defendant nor its agents refused certified mailings from plaintiff.

¶ 9      On June 22, 2012, the circuit court granted defendant's petition to vacate the May 5 order of default and the June 30 judgment. Specifically, the court noted that the main issue was whether defendant exercised due diligence, and the court determined that a "collection of

mistakes" kept defendant's managers "in the dark" until default was entered. The court stated, "while not the highest possible diligence, all section 2-1401 requires is that diligence be due." The court concluded that defendant's meritorious defense and efforts in presenting the claim met the "liberal standard for vacature under section 2-1401."

¶ 10                                              ANALYSIS

¶ 11        Plaintiff contends that the trial court erred in vacating the judgment because defendant had sufficient notice of the lawsuit and the negligence of defendant's registered agent, attorneys, and/or insurer did not excuse defendant's inaction. Section 2-1401 of the Code establishes a comprehensive, statutory procedure that allows for the vacature of a final judgment older than 30 days. 735 ILCS 5/2-1401(a) (West 2010); *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 430 (2010). The statute further requires that its petitioner support its petition with affidavits or other appropriate showing as to matters not of record. 735 ILCS 5/2-1401(b) (West 2010). To be entitled to relief under section 2-1401, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: "(1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). Our review of a section 2-1401 petition is two-tiered: "(1) the issue of a meritorious defense is a question of law and subject to *de novo* review; and (2) if a meritorious defense exists, then the issue of due diligence is subject to abuse of discretion review." *Cavalry Portfolio Services v. Rocha*, 2012 IL App (1st) 111690, ¶ 10.

¶ 12        In addition, we initially observe that with respect to the third element for section 2-1401 relief, the parties do not dispute that the present 2-1401 petition was timely filed within the requisite two-year statutory period and thus defendant exhibited the diligence in filing the petition. See 735 ILCS 5/2-1401(c) (West 2010). The two remaining issues involve the first and second elements, whether defendant had a meritorious defense and acted with due diligence.

¶ 13        Plaintiff contends that defendant's meritorious defense is immaterial and insufficient. We disagree. A meritorious and substantial defense, such as must be shown in support of an application to set aside a default judgment, is one that raises questions of law deserving investigation or a real controversy as to the essential facts. *Halle v. Robertson*, 219 Ill. App. 3d 564, 568-69 (1991). In this case, there was an essential question of fact as to whether a valid contract existed between ACS and defendant. Cassano's affidavits dispute plaintiff's claim that ACS and defendant entered into an oral agreement to lift the home in question for the construction of a new foundation. Cassano clearly stated that defendant did *not* enter into a contract with ACS and that he never authorized any construction project where the home was located. Moreover, plaintiff has provided no written instrument in the record on appeal or facts to support the existence of any contract. This suggests the existence of a meritorious defense.

¶ 14        Therefore, the only remaining issue is defendant's alleged lack of due diligence. Due diligence requires that the section 2-1401 petitioner have a reasonable excuse for failing to act within the appropriate time but does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistake or negligence. *Hirsch v. Optima, Inc.*, 397 Ill. App. 3d 102, 110 (2009). Specifically, the petitioner must show that his failure to defend

against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, when he failed to initially resist the judgment. *Smith*, 114 Ill. 2d at 222. In determining the reasonableness of the excuse offered by the petitioner, all of the circumstances attendant upon entry of the judgment must be considered, including the conduct of the litigants and their attorneys. *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 60 (2005). Although a party is generally bound by the negligence of his legal counsel, a court may refuse to impute such negligence to the client who seeks to vacate a default judgment when mitigating circumstances are present. *Id.*

¶ 15    Plaintiff contends that personal service to Kocis at the Naperville address was a proper means of notice, because Kocis was defendant's registered agent. See 735 ILCS 5/2-205 (West 2010) (a private corporation may be served by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the state). While we agree that the Du Page County sheriff properly served Kocis with a summons and plaintiff's complaint, the record suggests that Kocis's relationship as defendant's registered agent was estranged at the time of service and that Cassano in fact had replaced Kocis. Defendant filed for bankruptcy more than two months before the Cook County complaint was filed with Cassano listed as the debtor's contact. Plaintiff was clearly aware of the bankruptcy proceeding, and it was reasonable for plaintiff to have anticipated that roles of certain agents would be altered. See *Smith*, 114 Ill. 2d at 222 (the court must consider all of the circumstances attendant upon the entry of the judgment including the conduct of the respondent and its attorneys). While we concede that as an attorney Kocis was negligent in failing to notify defendant, the record does not make clear when Kocis was acting as defendant's attorney, and even if he were, there are mitigating circumstances present and we cannot hold defendant liable for Kocis's failures. See *Leavens, Armiros & Ross, Ltd. v. English*, 203 Ill. App. 3d 16, 20 (1990). Defendant, unaware of the Cook County action, was in the midst of the liquidation of its business and acted reasonably under the circumstances. Thus, we will not disturb the judgment of the trial court and impute Kocis's negligence to defendant.

¶ 16    Plaintiff also contends that it properly provided notice to defendant's bankruptcy attorneys, trustee, and insurer. While it does give us pause that none of these individuals directly informed defendant about any knowledge they may have had concerning the Cook County action, in our review of the matter, we must defer to the trial court. See *Rocha*, 2012 IL App (1st) 111690, ¶ 10. Based on the totality of the circumstances, we do not believe the trial court abused its discretion. See *Hadyeh*, 362 Ill. App. 3d at 60 (a petitioner's lack of diligence may be deemed to result from an excusable mistake in light of the totality of the circumstances). In addition, there were some missteps on plaintiff's side. For instance, plaintiff continuously sent notices to the Naperville address even though defendant failed to make an appearance. The May 5 default order was also sent to defendant at its Alsip address, as opposed to being sent in care of Cassano as directed. The Alsip facility had been closed for more than a year, and no one intentionally refused to accept service, as plaintiff claimed. The post office also indicated that the date of delivery was 48 days after the default order had been entered. See *Skrypek v. Mazzocchi*, 227 Ill. App. 3d 1, 9 (1992) (where the plaintiff did not notify defendant that a default judgment had been entered until two months after its entry, the court concluded the defendant was not given immediate notice as required by section 2-1302(a) of the Code and considered it a factor in determining whether the defendant

exercised due diligence). Based on the conduct of both parties, the trial court's conclusion that any lack of due diligence on defendant's part was an excusable mistake is eminently reasonable. *Cf. Genesis & Sons, Ltd. v. Theodosopoulos*, 223 Ill. App. 3d 276, 280 (1991) (a default judgment may be vacated even though the requirement of due diligence has not been fully satisfied based on the conduct of the parties).

¶ 17 Accordingly, the trial court found that because of this collection of mistakes defendant was understandably unaware of the Cook County action and we therefore find no abuse of discretion in its findings. We agree with the trial court that the section 2-1401 petition meets the liberal standard for vacature under section 2-1401. See *Smith*, 114 Ill. 2d at 227; *Electrical Wholesalers, Inc. v. Silverstein*, 47 Ill. App. 3d 689, 692 (1977). Moreover, one of the guiding principles in the administration of a section 2-1401 petition invokes the equitable powers of the court, which should prevent the enforcement of a judgment when it would be unfair, unjust, or unconscionable. See *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 330 (2010). Here, there is no basis in law or equity to allow plaintiff to benefit from a large default judgment when defendant has a meritorious defense and plaintiff fails to present any substantial evidence to the contrary.

¶ 18 CONCLUSION

¶ 19 Based on the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 20 Affirmed.