NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190383-U

NO. 4-19-0383

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 15, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| GENEVIEVE R. PERRY, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Piatt County |
| EDWARD BOETTCHER, | ) | No. 11MR20 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey B. Richey, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court (1) affirmed the trial court's dismissal of defendant's section 2-1401 petition and (2) reversed and remanded to allow the trial court to make specific findings of fact or law to support its order for Rule 137 sanctions.

¶ 2    In May 2011, plaintiff, Genevieve Perry, filed a complaint seeking a declaratory judgment against Steven L. Moir and Rebecca Moir, as trustees of the Rosalyn Ann Porter Trust (Trust), alleging plaintiff acquired a particular tract of land by the doctrine of adverse possession. In November 2011, the Trust sold the land adjacent to the disputed property to defendant, Ed Boettcher, who was added as a defendant in October 2013, and is the only defendant involved in this appeal.

¶ 3        Following a March 2017 bench trial, the trial court entered a written order (1) finding plaintiff had acquired the disputed land by the doctrine of adverse possession and (2) quieting title to the disputed land in favor of plaintiff.

¶ 4        In July 2017, defendant *pro se* filed a motion for new trial. In October 2017, defendant *pro se* filed a supplement to his motion for new trial. Following a hearing, the trial court denied the motion and supplement. Also in October 2017, defendant *pro se* filed a pleading titled "petition for review," which the trial court denied. In November 2017, defendant *pro se* filed (1) a pleading titled "motion to reconsider and compel the court to rule on issues in the motions for retrial," and (2) a "petition for substitution of judge and change of venue."

¶ 5        In January 2018, following the temporary assignment of the case to a new judge, plaintiff filed a motion to dismiss defendant's remaining posttrial motions for lack of jurisdiction. Following a hearing, the trial court granted the motion and dismissed defendant's pending posttrial motions. Defendant filed a notice of appeal, and this court allowed plaintiff's motion to dismiss the appeal where the appeal was not timely filed and this court lacked jurisdiction. *Perry v. Boettcher*, No. 4-18-0178 (May 14, 2018) (unpublished order).

¶ 6        In March 2019, defendant *pro se* filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). In response, plaintiff filed (1) a motion to dismiss the petition under section 2-615 of the Code (*id.* § 2-615) and (2) a petition requesting sanctions against defendant pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Following a hearing in May 2019, the trial court entered a written order (1) granting plaintiff's motion to dismiss and (2) ordering as sanctions, that defendant pay $700 in attorney fees to plaintiff.

¶ 7    Defendant appeals, arguing the trial court erred in (1) dismissing his section 2-1401 petition and (2) ordering that he pay plaintiff $700 in attorney fees. For the following reasons, we affirm in part, reverse in part, and remand to allow the trial court to make specific findings of fact or law to support its order for Rule 137 sanctions.

¶ 8                              I. BACKGROUND

¶ 9    On May 17, 2011, plaintiff filed a complaint for a declaratory judgment against the Trust. Plaintiff alleged she was the owner of a particular tract of land (hereinafter Tract A) which abutted an adjacent parcel to the west (hereinafter Tract B) owned by the Trust. Plaintiff alleged that, for the past 37 years, she had farmed Tract A "up to a boundary line between the western edge of [Tract A], and the eastern edge of [Tract B]." In 2010, the Trust employed Berns Clancy & Associates (BCA) to conduct a land survey which allegedly revealed that the "true" boundary line between Tracts A and B was approximately 30 feet east of the line that had been used as the boundary for the past 37 years. Plaintiff alleged that, assuming the survey was accurate, she had acquired title to the disputed 30-foot tract of land she had farmed (hereinafter Tract C) by the doctrine of adverse possession.

¶ 10    On December 17, 2012, the trial court dismissed the complaint for want of prosecution. In January 2013, plaintiff filed a motion to reinstate the case, which the trial court allowed. In September 2013, plaintiff filed an amended complaint, alleging that the Trust had sold Tract B to defendant on November 15, 2011, that defendant had actual knowledge of the instant lawsuit, and requesting that defendant be added as a necessary party to the case. On November 15, 2013, plaintiff filed a motion to dismiss the Trust as a party, which the trial court allowed.

¶ 11 On February 13, 2014, plaintiff filed a two-count second amended complaint: count I again alleged plaintiff had acquired Tract C by the doctrine of adverse possession; count II alleged defendant had installed a fence which blocked plaintiff's access to Tract C and requested that defendant pay $500 in damages and remove the fence immediately.

¶ 12 On March 15, 2017, the case proceeded to a bench trial. At the conclusion of trial, the court found in favor of plaintiff on count I and took count II under advisement. On March 23, 2017, the trial court entered a written order finding in favor of plaintiff on count II and ordering defendant to (1) remove the fence blocking plaintiff's access to Tract C and (2) pay $500 in damages to plaintiff. On June 28, 2017, the trial court entered a written order to quiet title, finding that plaintiff had acquired title to Tract C by the doctrine of adverse possession.

¶ 13 On July 25, 2017, defendant *pro se* filed a motion for new trial, alleging (1) misconduct of counsel, (2) misconduct of parties, (3) "judicial errors," (4) newly discovered evidence, (5) that the verdict was not supported by the evidence, (6) the trial court erroneously excluded certain evidence, and (7) "issues that need to be investigated."

¶ 14 On October 12, 2017, defendant *pro se* filed a supplement to his motion for new trial. In the supplement, defendant argued, "A retrial is necessary because of the cumulative effect of new evidence, mistakes, trial errors and misconduct depriving the defendant a fair trial." Specifically, defendant alleged, "Higher resolution photos [of the disputed property] ha[d] become available *** that were supposed to be provided by Plaintiff, instead, photos provided by Plaintiff were from a second survey, not the first survey ***." The supplement additionally alleged misconduct by defendant's trial attorney, judicial misconduct, and that plaintiff's attorney committed felony forgery.

- 4 -

¶ 15    On October 16, 2017, defendant *pro se* filed a pleading titled "petition for review," again alleging misconduct by his trial attorney and by plaintiff's attorney. Following a hearing on October 18, 2017, the trial court denied defendant's motion for new trial and supplement. Following a hearing on November 9, 2017, the trial court also denied defendant's petition for review.

¶ 16    Also on November 9, 2017, defendant *pro se* filed a pleading titled "motion to reconsider and compel the court to rule on issues in the motion for retrial," alleging the trial court erred in denying his motion for new trial because, *inter alia*, defendant presented new evidence that (1) the original BCA survey misidentified the crop line as a boundary line and (2) the BCA survey failed to locate a prior survey pin. On November 27, 2017, defendant *pro se* filed a petition for substitution of judge and change of venue, alleging the trial judge was not impartial, "not faithful to the law regarding retrial in civil cases," and "ha[d] knowledge of disputed evidence and misconduct on the part of Plaintiff's and [defendant's] attorney withholding that evidence and is refusing to consider a retrial because this is a civil case."

¶ 17    On December 11, 2017, Chief Judge Richard Broch temporarily reassigned the case for a hearing on defendant's pending motion and petition. On January 10, 2018, plaintiff filed a motion to dismiss defendant's motion and petition pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2016)), alleging the trial court lacked jurisdiction to hear defendant's successive posttrial motions.

¶ 18    On January 12, 2018, defendant *pro se* filed (1) a "petition to compel the Perry estate to identify her representative and file proper documents in Piatt county" and (2) a "supplement to and update [*sic*] the petition for substitution of judge and change of venue."

¶ 19        Following a hearing on February 13, 2018, the trial court granted plaintiff's motion to dismiss and struck all of defendant's pending motions and petitions. On March 13, 2018, defendant filed a notice of appeal. On April 10, 2018, plaintiff filed a motion to dismiss the appeal, alleging defendant's notice of appeal was not timely and therefore this court lacked subject matter jurisdiction to review it. On May 14, 2018, this court entered a written order allowing plaintiff's motion to dismiss and finding this court lacked subject matter jurisdiction to review defendant's untimely notice of appeal. *Perry v. Boettcher*, No. 4-18-0178 (May 14, 2018) (unpublished order).

¶ 20        On March 14, 2019, defendant *pro se* filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)). The petition alleged that the trial court entered an order finding that plaintiff owned Tract C, that "[t]his order was not entered as a result of Defendant's negligence," defendant acted diligently in presenting his claim, defendant had a meritorious defense, and that plaintiff fraudulently concealed evidence. Specifically, defendant argued that the trial court's judgment of March 23, 2017, should be vacated based on the affidavit of professional land surveyor David Atchley, which was attached to the petition. In his affidavit, Atchley averred that he reviewed the BCA land survey that was performed for the Trust in 2010, and found, *inter alia*, that (1) the survey contained a disclaimer stating that it was "not intended for detailed, site-specific analysis or resolution of legal matters" and (2) "BCA's survey misidentified the end of an end row of corn that runs perpendicular to a line running along the west property line" which was not a crop line. Defendant also alleged that plaintiff "substituted other photos rather than the originals that were taken at the time of the BCA survey" and that plaintiff failed to produce the originals at trial.

¶ 21        On March 30, 2019, plaintiff filed a motion to dismiss defendant's section 2-1401 petition pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)) and a petition for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Following a hearing, the trial court entered a written order on May 23, 2019, (1) granting plaintiff's motion to dismiss defendant's section 2-1401 petition because defendant failed to present a meritorious claim or defense and (2) ordering that defendant pay plaintiff $700 in attorney fees. Specifically, the order stated, "The Court finds that the filing and pursuing of the 2-1401 Petition by [defendant] is in violation of [Illinois Supreme Court] Rule 137 and hereby finds that sanctions are needed to discourage others from engaging in such conduct."

¶ 22        This appeal followed.

¶ 23                                II. ANALYSIS

¶ 24        On appeal, defendant argues the trial court erred when it (1) granted plaintiff's motion to dismiss his section 2-1401 petition and (2) ordered that he pay plaintiff $700 in attorney fees. We address each of these issues in turn.

¶ 25                         A. Petition for Relief From Judgment

¶ 26        Defendant first argues the trial court erred when it granted plaintiff's motion to dismiss his section 2-1401 petition because he presented newly discovered evidence and meritorious issues of material fact with due diligence. Specifically, defendant argues he presented newly discovered evidence that (1) the 2010 BCA survey misidentified a crop line as the boundary line and (2) the BCA survey failed to locate a prior survey pin. We disagree.

¶ 27        A petition pursuant to section 2-1401 of the Code seeks relief from a final order and judgment after 30 days and before 2 years of its entry. 735 ILCS 5/2-1401(a), (c) (West 2018). "To be entitled to relief, a petitioner must show by a preponderance of the evidence that

- 7 -

(1) a meritorious defense or claim exists; (2) he exercised due diligence in discovering the defense or claim in the original action; (3) despite the petitioner's diligence and through no fault of his own, the error of fact or valid defense or claim was not presented to the trial court during the original action; and (4) the petitioner exercised due diligence in bringing the section 2-1401 petition." *Klose v. Mende*, 378 Ill. App. 3d 942, 946-47, 882 N.E.2d 703, 709 (2008).

¶ 28        "The purpose of a section 2-1401 petition is to bring to the attention of the court matters of fact not appearing in the record that would have prevented the judgment had the court known of them." *Id.* at 947. In order to succeed on a section 2-1401 petition, the petitioner must show "that the newly discovered facts could not reasonably have been discovered at the time of, or prior to, the entry of judgment from which relief is sought." *Id.* at 950. A petitioner's failure to establish any one the four elements above precludes relief under section 2-1401. See, *e.g.*, *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 62, 839 N.E.2d 625, 632 (2005) (finding that a section 2-1401 petition failed where petitioner failed to present a meritorious claim or defense).

¶ 29        "[P]roceedings under section 2-1401 are subject to the usual rules of civil practice." *People v. Vincent*, 226 Ill. 2d 1, 8, 871 N.E.2d 17, 23 (2007). Petitions are "subject to dismissal for want of legal or factual sufficiency." *Id.* at 8. "A section 2-1401 petition is subject to a motion to dismiss where it either fails to state a cause of action or shows on its face that the petitioner is not entitled to relief." *In re Marriage of Little*, 2014 IL App (2d) 140373, ¶ 9, 25 N.E.3d 685. We review an order granting or denying a section 2-615 motion to dismiss a section 2-1401 petition *de novo*. *Id.*

¶ 30        Here, the trial court properly granted plaintiff's motion to dismiss defendant's section 2-1401 petition because he failed to present a meritorious claim or defense based on

"newly discovered facts [that] could not reasonably have been discovered at the time of, or prior to, the entry of judgment from which relief is sought." *Klose*, 378 Ill. App. 3d at 950. All of the "newly discovered" facts on which defendant's petition relies were either presented or could have been presented at trial. Defendant's claim that BCA's original survey photos were not "available" at trial is positively rebutted by the record. Defendant's expert testified at trial that he had reviewed the BCA survey and compared it to satellite and other aerial photographs in forming his expert opinion.

¶ 31 Additionally, none of the facts presented in Atchley's affidavit present any evidence that was not available at the time of trial. We agree with plaintiff that Atchley's affidavit reveals "the materials [Atchley] used to form his opinion were all available to [defendant] well prior to trial." Defendant had ample opportunity to challenge the accuracy of the BCA survey at trial, including the issues of whether the survey misidentified the crop line as a boundary line or failed to locate a prior survey pin. Despite defendant's assertions, his trial counsel's failure to identify and raise those factual issues before the trial court does not provide a basis for relief from judgment under section 2-1401. See *Ameritech*, 362 Ill. App. 3d at 59 ("A litigant, however, cannot generally obtain relief in regards to the rights of an opponent because of the failure of his counsel to keep him abreast of matters or to advise him appropriately."). Accordingly, the trial court properly granted plaintiff's motion to dismiss defendant's section 2-1401 petition.

¶ 32 Because we find defendant's petition failed to present a meritorious claim or defense, we decline to address whether the defendant established any of the remaining requirements under section 2-1401. See *id.* at 62.

¶ 33 B. Rule 137 Sanctions

¶ 34    Defendant next argues the trial court erred when it found that he violated Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) because it failed to state with specificity the basis for its decision to order Rule 137 sanctions. We agree.

¶ 35    Rule 137 states:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018).

The court, upon motion or its own initiative, may order an appropriate sanction for violations of Rule 137. *Id.* "Rule 137 is designed to penalize the litigant who pleads false or frivolous matters or who brings a lawsuit without any basis in the law." *Heckinger v. Walsh*, 339 Ill. App. 3d 189, 191, 790 N.E.2d 904, 906 (2003). "Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018). Generally, we review the trial court's decision to grant or deny sanctions under Rule 137 for an abuse of discretion. *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 244, 732 N.E.2d 1129, 1134 (2000). "In order to allow the appellate court to make an informed and reasoned review of the sanction decision, however, the trial court must set forth the reasons and basis for its decision ***." *Kellet v. Roberts*, 281 Ill. App. 3d 461, 464, 667 N.E.2d 558, 561 (1996).

¶ 36 Here, we agree with defendant that the trial court failed to set forth, with sufficient specificity, the reason or basis for its decision to grant plaintiff's petition for Rule 137 sanctions. In its written order, the trial court's entire basis for ordering sanctions stated, "The Court finds that the filing and pursuing of the 2-1401 Petition by the Defendant is in violation of Rule 137 and hereby finds that sanctions are needed to discourage others from engaging in such conduct." The trial court's order did not incorporate by reference any reasoning set forth on the record during the hearing on plaintiff's petition for sanctions and the docket entry sheet from that date similarly lacks any explanation of the trial court's decision. We therefore find that the court's reference to the defendant's "filing and pursuing of the 2-1401 Petition" does not provide a sufficiently specific basis for ordering Rule 137 sanctions. See, *e.g.*, *Bedoya v. Illinois Founders Insurance Co.*, 293 Ill. App. 3d 668, 681, 688 N.E.2d 757, 765 (1997) (reversing Rule 137 sanctions where "[t]he trial court set forth no reasons for granting attorney fees *** under Rule 137 other than '[t]hey [plaintiffs] are entitled to it' ").

¶ 37 Because the trial court failed to set forth the reasoning and basis for its decision pursuant to Rule 137(d), this court lacks the ability to make "an informed and reasoned review of the sanction decision." *Kellet*, 281 Ill. App. 3d at 464; Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018). Accordingly, we reverse the trial court's decision to grant plaintiff's petition for Rule 137 sanctions and remand this cause to allow the trial court to "make specific findings of fact or law to support its decision and to facilitate appellate review." (Internal quotation marks omitted.) *Kellet*, 281 Ill. App. 3d at 465.

¶ 38                                     III. CONCLUSION

¶ 39 For the reasons stated, the judgment of the circuit court of Piatt County is affirmed in part, reversed in part, and the cause is remanded with directions.

¶ 40   Affirmed in part and reversed in part; cause remanded with directions.